# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD WAYNE MASON,<br><br>      Plaintiff,<br><br>v.<br><br>MARGARET MIMS, et al.,<br><br>      Defendants. | Case No.: 1:18-cv-01272-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 7] |

Plaintiff Edward Wayne Mason is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed October 4, 2018.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by individuals who are proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names Fresno County Sheriff Margaret Mims and Correctional Medical Group Company ("CMGC") as Defendants.

Sheriff Mims continues to employ untimely and inadequate health care providers who cannot meet the constitutional rights of the prisoners in care at the Fresno County Jail. It is the responsibility and obligation of Sheriff Mims to provide timely and adequate health care services. The policies and procedures practiced by Mims has delayed access to timely and effective health care.

Plaintiff submitted several requests describing the pain in his swollen left shoulder for sixty days. CMGC failed to provide Plaintiff with timely and adequate medical care which caused prolonged pain and suffering. Plaintiff was also placed at risk of stomach damage because of the prolonged use of the pain medication.

Plaintiff requested a CAT scan or MRI which would show ligament and nerve damage to the shoulder.

## III.

## DISCUSSION

### A. Denial of Medical Treatment

"Inmate who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979) (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction)).

The Ninth Circuit recently held that medical claims for pretrial detainees against individual defendants are elevated under the Fourteenth Amendment by an objective, not subjective, deliberate indifference standard. Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. April 30, 2018). The elements of a pretrial detainee's medical care under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused plaintiff's injuries. Id. at 1125.

The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Castro, 833 F.3d at 1071 (citing Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). "Thus, the plaintiff must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" Gordon, 888 F.3d at 1125 (citing Daniels, 474 U.S. at 330-31).

Plaintiff has failed to link any individual Defendant to an affirmative act or omission giving rise to his alleged constitutional violation. Indeed, Plaintiff acknowledges that he received pain medication and an x-ray of his left shoulder which was negative. (Am. Compl. at 4.) The fact that

Plaintiff disagreed with the treatment provided or belief that further treatment and/or testing should have been conducted is insufficient to give rise to a constitutional claim. There is nothing to suggest that the Court should question the professional judgment medical providers exercised here, and nothing to indicate that the course of action taken by any provider was objectively unreasonable or professionally unacceptable. Plaintiff's allegation that "Sheriff Mims is ultimately responsible for the health care in the jail. The ineffective health care request and referral system, delayed access to health care, under-qualified and insufficient numbers of health care staff and the delivery of substandard health care," is factually insufficient to state a plausible claim for relief. Accordingly, Plaintiff fails to state a cognizable claim under the Fourteenth Amendment.

### B. Sheriff Margaret Mims as Defendant/Monell Claim

Under section 1983, Plaintiff must prove that Sheriff Mims who holds a supervisory position personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Sheriff Mims. The only basis for such a claim would be respondeat superior, which is precluded under section 1983. To the extent Plaintiff is seeking liability under a Monell claim against Sheriff Mims, Plaintiff must first establish that a municipal employee deprived him of a constitutional right. Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Then, Plaintiff must show that an official county policy, custom, or practice amounted to deliberate indifference and was the moving force behind the constitutional injury. Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978); Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1145 (9th Cir. 2012).

A "policy is a "deliberate choice to follow a course of action … made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); Los Angeles Police Protective League v. Gates, 907 F.2d 879, 890 (9th Cir. 1990). As discussed above, Plaintiff has failed to plead sufficient facts to demonstrate that he suffered any deprivation of his constitutional rights. Accordingly, any Monell claim necessarily fails. Heller, 475 U.S. at 799.

### C. Correctional Medical Group Company as Defendant

A private entity "that contracts with the government to provide medical and mental health care may be considered a state actor whose conduct constitutes state action under Section 1983." Estate of Jessie P. Contreras v. County of Glenn, No. 2:09-CV-2468-JAM-EFB, 2010 WL 4983419, at *4 (E.D. Cal. Dec. 2, 2010) (citing Jensen v. Lane County, 222 F.3d 570, 574-75 (9th Cir. 2000). The Ninth Circuit has held that there is "no basis in the reasoning underlying Monell to distinguish between municipalities and private entities acting under color of state law." Taso, 698 F.3d at 1139.

As discussed above, in order to proceed on a municipality claim under Monell, Plaintiff must first establish that a municipal employee deprived him of a constitutional right. Los Angeles v. Heller, 475 U.S. at 799. Then, Plaintiff must show that an official county policy, custom, or practice amounted to deliberate indifference and was the moving force behind the constitutional injury. Monell, 436 U.S. at 694; Tsao, 698 F.3d at 1145.

In this instance, Plaintiff has failed to set forth sufficient allegations regarding "a specific policy implemented by [Correctional Medical Group] or a specific event or events instigated by [Correctional Medical Group] that led" to the purported constitutional violation. Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012). Plaintiff merely states in conclusory terms that the policies and practices resulted in delays in appropriate medical treatment. Therefore, the Court cannot determine what if anything actions or inactions may be attributable to Correctional Medical Group. Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, Plaintiff fails to state a cognizable claim for relief based on the alleged inadequate medical care. Despite being given the applicable legal standards and opportunity to cure the deficiencies in the complaint, Plaintiff has still failed to allege facts sufficient to state a claim upon which relief can be granted for inadequate medical care. Therefore, under these circumstances granting Plaintiff further leave to amend would be futile. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutmann Wine Co., v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed without further leave to amend for failure to state a cognizable claim for relief; and

2. The Clerk of Court is directed to randomly assign a District Judge to this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 16, 2018**

UNITED STATES MAGISTRATE JUDGE